UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| RAYMOND MASSEY, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 3:17-0168 |
| v. ) | Judge Levy/Brown |
| ) | **Jury Demand** |
| SHERIFF SONNY WEATHERFORD, ) | |
| *et al.*, ) | |
| ) | |
| Defendants ) | |

**TO: THE HONORABLE JUDITH E. LEVY**

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that the Defendant Cheryl Shaffer's and Southern Health Partners, Inc.'s motion for summary judgment (Docket Entry 9) be granted and this case be dismissed with prejudice and that any appeal not be certified as taken in good faith.

### BACKGROUND

The Plaintiff, acting *pro se*, filed his complaint against Sheriff Weatherford, Jail Administrator Troutt, and the Director of the Medical Staff for Southern Health Partners, on January 25, 2017.

In his complaint he alleged that he had filed grievances through the jail kiosk with the responses that it was up to Medical. His cause of action is that he asked Medical to keep up with his Hepatitis C by drawing blood and he was refused because it was a chronic disease. He further alleged that he had been receiving treatment for Hepatitis C while he was an inmate at the

federal medical prison facility in Lexington, Kentucky. He was told that the Sumner County Jail through Southern Health Partners did not treat chronic diseases and they declined to draw blood and check his liver enzyme levels. He alleged that his grievances were returned with notations that it "was up to the medical department." He alleged that his medical condition causes him constant pain and suffering and that if untreated would kill him.

Upon an initial review (Docket Entry 3), in accordance with 28 U.S.C. § 1915A the Court found that the Plaintiff did not state a claim against Sheriff Weatherford or Administrator Troutt. The Court did find a potential violation against the Southern Hills Partners Medical Director citing *Estelle v. Gamble*, 429 U.S. 97 (1976).

The remaining Defendant Cheryl filed a motion to dismiss, or in the alternative, a motion for summary judgment (Docket Entry 9). The motion was supported by an affidavit from Administrator Troutt (Docket Entry 11-1) that declared that she had been the Jail Administrator for the Sumner County Jail since 1997. She described the grievance procedure at the jail while the Plaintiff was there as requiring an inmate to go to one of the electronic kiosk stations located in each jail pod and type in his grievance, which was then electronically sent to the jail administrator for review and response. She stated that the Plaintiff knew how to use the jail grievance system as he had filed numerous grievances while an inmate. Attached to her declaration were copies of all grievances

filed by the Plaintiff while at confined at the jail (Docket Entry 11-1).

In the memorandum in support of their motion, the Defendant Cheryl points out that although the Plaintiff filed some 54 grievances while at the jail, only a single grievance dealt with the Plaintiff's medical treatment while at the jail. This grievance was filed on March 19, 2016, when he complained of being over charged for making multiple sick call visits. In response, the Plaintiff was given a $10 credit for one of the sick calls. They point out that there is no record of an October 2016 grievance where the Plaintiff complained of a lack of treatment for Hepatitis C.

The Magistrate Judge entered an order on March 11, 2017, notifying the Plaintiff of the motion to dismiss or for summary judgment based on the alleged failure of the Plaintiff to exhaust his administrative remedies. The order further went on to notify the Plaintiff that as matters outside the complaint may be considered, the Plaintiff could have until April 10, 2017, to respond to the motion. He was cautioned now that failure to exhaust his administrative remedies had been raised he could not just rely on his complaint, that he must come forward with some admissible evidence that he had filed a grievance about the subject matter of his complaint. He was also advised that if he needed additional time to secure evidence he must ask for it before the deadline to respond had passed.

It was also noted that the Defendants had not fully complied with the Local Rules governing motions for summary judgment.

In response to this order, the Defendant then filed a statement of undisputed facts in support of the motion for summary judgment (Docket Entry 15). The statements of facts were (1) that there was a grievance procedure using an electronic kiosk in each pod and when a grievance was typed in it was electronically sent to the jail administrator; (2) that the Plaintiff knew how to use the grievance procedure as he had filed multiple grievances regarding multiple subjects while an inmate; and (3) that there were 54 grievances filed by the Plaintiff attached to Administrator Troutt's declaration, and that only a single grievance involving being overcharged for multiple sick calls was filed concerning his medical treatment, and there was no October 2016 grievance complaining about a treatment for lack of Hepatitis C. The Defendant also filed an additional memorandum of law incorporating the statements of uncontested facts.

The Plaintiff filed a motion for additional time on April 3, 2017 (Docket Entry 21). In his request he asked for an extension so that he could obtain documents pertaining to the case. This motion was granted (Docket Entry 22) and the Plaintiff was given until April 24, 2017, to respond. He was cautioned that he had either filed a complaint or he had not, and that if he had a copy

of the complaint he filed through the grievance system he should provide it.

As of the date of this report and recommendation the Plaintiff has not responded to the statement of uncontested facts or to the motion itself.

**LEGAL DISCUSSION**

The law is clear that the Prison Litigation Reform Act (PLRA) requires "that no action shall be brought with respect to prison conditions under Section 1983 . . . or any other federal law by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). To establish that he has exhausted his administrative remedies the Plaintiff must show that he pursued these remedies through one complete round of the grievance procedure.

The Plaintiff alleged in his complaint that he did file an administrative grievance about the matter in October 2016. The complaint was not verified and the Defendants have now come forward with specific evidence that no such grievance was filed. The Plaintiff has failed to respond to this evidence by responding to the statement of uncontested facts with a copy of his grievance, by his sworn affidavit, or by any other evidence.

Under the Court's Local Rules, failure to respond to a statement of uncontested facts allows the Court to take the

5

statement as uncontested for the purpose of summary judgment. Local Rule 56.01(g).

Despite the Plaintiff's failure to respond it is nevertheless the duty of the Court in ruling on a motion for summary judgment to review the record to insure that the moving party has met the burden of establishing the nonexistence of material facts. *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986).

In this matter the Defendant has provided specific admissible evidence to show that the Plaintiff did not file a grievance concerning the subject matter of his lawsuit. Despite being specifically advised of the need to respond to the Defendant's motion the Plaintiff has failed to come forward with any evidence, other than his unsworn complaint, that he filed a grievance.

Given the record that shows the Plaintiff filed in excess of 50 grievances while at the jail, it is simply not plausible that for some reason there is no record of this incident, particularly when the Plaintiff has come forward with no additional evidence of the actual filing of such a grievance. Under the circumstances, applying the well-known standards of *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) it is clear that there is no genuine dispute concerning the filing of a grievance in this matter and the Defendant is entitled to a judgment as a matter of law.

In reaching this conclusion, the Magistrate Judge has used the record and all inference drawn from the underlying facts in the light most favorable to the party opposing the motion. Since the Magistrate Judge considered matters outside the complaint, the motion is treated as a motion for summary judgment rather than a motion to dismiss. In considering the matter as a motion for summary judgment the Plaintiff was given additional time in which to request discovery and to respond to the motion. He failed to do so.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that the motion be treated as one for summary judgment and granted, the case be dismissed with prejudice, and any appeal therefrom not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 5th day of May, 2017.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge