UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

Raymond Massey,

      Plaintiff,  Civil Action No. 17-CV-168

v.          Hon. Judith E. Levy

Sonny Weatherford *et al.*,

      Defendants.

_____/

## OPINION AND ORDER ADOPTING IN PART REPORT AND RECOMMENDATION [25] AND GRANTING DEFENDANTS SHAFFER AND SOUTHERN HEALTH PARTNERS, INC.'S MOTION FOR SUMMARY JUDGMENT [9]

This is a civil rights suit filed by *pro se* plaintiff Raymond Massey pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants Sheriff Sonny Weatherford, Jail Administrator Sonya Troutt, Cheryl Shaffer,[1] and Southern Health Partners, Inc., refused to provide medical treatment at the Sumner County jail in violation of his constitutional rights. (Dkt. 1.)

---

[1] Plaintiff referred to Cheryl Shaffer as "Cheryl" in the complaint, stating she was "Director of Medical for Sumner Co Jail" and did not know her last name. (Dkt. 1 at 3.)

Before the Court is defendants Shaffer and Southern Health Partners, Inc.'s motion to dismiss or, in the alternative, motion for summary judgment. (Dkt. 9.) The Magistrate Judge submitted a Report and Recommendation ("R&R") that recommends treating the motion to dismiss as a motion for summary judgment, granting the motion, and dismissing the complaint with prejudice. (Dkt. 25.) No objections were filed.

For the reasons set forth below, the R&R is adopted in part and defendants' motion for summary judgment is granted.

I.  Background

Plaintiff was incarcerated in Lexington, Kentucky, and transferred to Sumner County Jail on January 14, 2016. Once transferred, he informed jail staff that he had Hepatitis C and needed ongoing medical treatment. He alleges that despite making multiple requests for treatment, the staff refused. (Dkt. 1 at 7–8.)

Plaintiff alleges that in October 2016, he filed a formal grievance based on his inability to obtain medical care. (Dkt. 1 at 8.) His grievances, which he alleges were filed through a kiosk, were then

allegedly rejected by jail staff, and plaintiff was told the treatment decisions were "up to the Medical Department." (*Id.* at 5–6, 8.)

On January 14, 2017, plaintiff filed a complaint, alleging the jail's alleged refusal to provide medical care violated his "rights to Due Process, Discrimination, Lack of Medical Attention, Medical Malpractice, and Cruel and Unusual Punishment." (Dkt. 1 at 8.)

On January 27, 2017, Chief Judge Sharp issued an order dismissing the claims against Sheriff Weatherford and Sonya Troutt. (Dkt. 3.)

On March 9, 2017, the remaining defendants, Cheryl Shaffer and Southern Health Partners, Inc., filed a motion to dismiss, or in the alternative, motion for summary judgment. (Dkt. 9.) They argue plaintiff failed to exhaust his administrative remedies or to allege his injury resulted from a policy, practice or custom or failure to train by Southern Health Partners. (Dkt. 10 at 3–6.)

On March 11, 2017, the Magistrate Judge issued an order informing plaintiff that "failure to exhaust remedies has been raised" as a defense and that "he may not just rely on his complaint," but "must come forward with some admissible evidence that he has in fact filed a grievance." (Dkt. 13.) The Magistrate Judge indicated that if plaintiff required

3

additional time, he must request it by April 10, 2017. (*Id.*) Defendants were also informed that if they wanted the motion to be considered as one for summary judgment, they must comply with Fed. R. Civ. P. 56 and L.R. 56. (*Id.*)

Defendants then submitted a statement of undisputed facts and a memorandum in support of the motion for summary judgment. (Dkts. 15, 17.)

On April 3, 2017, plaintiff requested additional time to obtain documents related to his case. (Dkt. 21.) The Court granted the request on April 8, 2017, giving plaintiff until April 24, 2017 to obtain the requisite documentation related to defendants' argument that he failed to exhaust administrative remedies. (Dkt. 22.) Plaintiff never responded.

On May 4, 2017, the Magistrate Judge issued an R&R recommending that the motion be treated as one for summary judgment, and that the motion be granted on the ground that plaintiff failed to exhaust administrative remedies. The R&R then recommended dismissing the complaint with prejudice, and stated that the parties had

fourteen days in which to file objections. (Dkt. 25.) No party filed objections.

Additional procedural and factual background is recounted in detail in the R&R (Dkt. 25) and is adopted here.

## II. Legal Standard

A magistrate judge's Report and Recommendation is made pursuant to 28 U.S.C. § 636(b)(1). "[T]his recommendation has no presumptive weight," and the district judge "has the responsibility of making the final determination." *Patrick Collins, Inc. v. John Does 1-21*, 286 F.R.D. 319, 320 (E.D. Mich. 2012). If a party objects to part or all of the R&R, the district judge must review de novo those parts to which the party has objected. *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002); Fed. R. Civ. P. 72(b)(3). De novo review "entails at least a review of the evidence that faced the Magistrate Judge." *Lardie*, 221 F. Supp. 2d at 807. After reviewing an R&R, a court may "accept, reject, or modify the findings or recommendations." *Id*.

## III. Analysis

The Magistrate Judge recommends treating the motion to dismiss as a motion for summary judgment, and recommends granting

defendants' motion for summary judgment on the grounds that plaintiff failed to provide any documentation to demonstrate that he filed a grievance about the conduct at issue in this complaint.

### *Converting Motion to Dismiss to Motion for Summary Judgment*

A motion to dismiss may be converted to a motion for summary judgment if notice is given to the parties. "Whether a district court must provide actual notice . . . depends on the facts and circumstances of each case," but if "one party is likely to be surprised by the proceedings, notice is required." *Shelby Cty. Health Care Corp. v. S. Council of Indus. Workers Health and Welfare Trust Fund*, 203 F.3d 926, 931 (6th Cir. 2000) (citing Fed. R. Civ. P. 12(d)).

Here, the Magistrate Judge issued an order after defendants filed a motion to dismiss, or in the alternative for summary judgment, indicating that because the affirmative defense of failure to exhaust had been raised, documents outside the complaint and pleadings "may be considered." (Dkt. 13.) Plaintiff was advised he must submit additional documentation to show he exhausted the administrative remedies, and defendant must comply with Fed. R. Civ. P. 56 and L.R. 56. (*Id*.) As this order makes clear, the parties were given actual notice that the Court

may convert defendants' motion to dismiss to one for summary judgment. Accordingly, the Court adopts the recommendation to treat the motion as one for summary judgment and will apply the applicable legal standard in assessing the merits.

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002)).

### *Plaintiff Failed to Exhaust His Administrative Remedies*

The Magistrate Judge recommended finding that there was no question of material fact that plaintiff failed to exhaust administrative remedies because the record showed plaintiff filed fifty-four (54) grievances, and mentioned failure to treat his Hepatitis C. Thus, the

7

Magistrate Judge recommended granting defendants' motion for summary judgment and dismissing the complaint with prejudice. (Dkt. 25.) No objections were filed to the R&R by the parties. Accordingly, and on review of the R&R and evidence submitted by the parties,

The R&R is adopted in part. Defendants' motion for summary judgment is granted on the ground that plaintiff failed to exhaust his administrative remedies. However, "[i]t is well established . . . that the appropriate disposition of an unexhausted claim under the PLRA is dismissal without prejudice." *Bell v. Konteh*, 450 F.3d 651, 653 n.4 (6th Cir. 2006). Accordingly, the R&R is not adopted as to the recommendation to dismiss the complaint with prejudice.

## IV. Conclusion

For the reasons set forth above, the R&R (Dkt. 25) is ADOPTED IN PART.

Defendants Shaffer and Southern Health Partners, Inc.'s motion for summary judgment (Dkt. 9) is GRANTED, and plaintiff's complaint (Dkt. 1) is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: August 24, 2017  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge  
Sitting By Special Designation